**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JAYNISE LYDIA JOHNSON | ) | |
| 1417 Southern Ave #102 | ) | |
| Oxon Hill, MD 20745 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No.:_____ |
| | ) | |
| SENTRY FORCE SECURITY LLC | ) | **JURY TRIAL DEMANDED** |
| **Registered Agent:** | ) | |
| District Registered Agent Services Inc. | ) | |
| 1025 Connecticut Avenue, NW; Suite 615 | ) | |
| Washington, DC 22036 | ) | |
| | ) | |
|     Defendant. | ) | |

**COMPLAINT**

Plaintiff Jaynise Lydia Johnson, by and through undersigned counsel, hereby complains as follows against Defendant Sentry Force Security LLC.

**INTRODUCTION**

1. Plaintiff Jaynise Lydia Johnson ("Plaintiff" or "Ms. Johnson"), has initiated this action to redress violations by Defendant Sentry Force Security LLC ("Defendant" or "SFS") of the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII ("Title VII") of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions, the District of Columbia Human Rights Act DC Code § 2-1401.01 *et seq* ("DCHRA") and the Protecting Pregnant Workers Fairness Act of 2014, D.C. Code § 32-1231.01 *et seq.* ("PPWFA"), which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions. Plaintiff was terminated from her employment for attempting to take leave for her pregnancy. As a result, Plaintiff suffered damages as set forth herein.

1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff and Defendant have diversity of citizenship.   This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff has raised federal claims herein under the PDA.

3.      This Court has personal jurisdiction over Defendant because Defendant operates in the District of Columbia.

4.      Pursuant to 28 U.S.C. § 1391, the venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.   Venue lies separately pursuant to 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

5.      The foregoing paragraphs are incorporated herein as if set forth in full.

6.      Ms. Johnson is a resident of Maryland.

7.      Defendant is a Virginia limited liability company with its principal place of business in the City of Fairfax, Virginia.

8.      Defendant employed Ms. Johnson in Washington D.C. until she was terminated on March 30, 2023.

9.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## PROCEDURAL HISTORY

10.      More than thirty days prior to the institution of this lawsuit Plaintiff, filed charges

with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the D.C.

Human Rights Act of 1977, the D.C. Protecting Pregnant Workers Fairness Act, and Title VII by

the Defendant.  On January 25, 2024, Plaintiff filed her charges of discrimination with the EEOC

and D.C. Office of Human Rights, OHR Docket Number: 24-122-P and EEOC Charge Nos. 10C-

2024-00112 and 10C-2024-00113.  *See* Exhibit 6.  On July 11, 2024, the DC Office Of Human

Rights issued its administrative dismissal, and on July 29, 2024, the EEOC issued a right to sue

letter.  *See* Exhibit 7.  All other conditions precedent to the institution of this lawsuit have been

fulfilled.

<b><u>FACTS</u></b>

11.     Defendant has engaged in unlawful employment practices in violation of the PDA,

DCHRA and PPWFA.

12.     Ms. Johnson was hired in September 2022 to work as an armed security guard for

Defendant.

13.     Ms. Johnson earned $30.00 an hour and consistently worked 40 hours a week.

14.     Ms. Johnson was stationed to work as a security guard at River Point Apartment

Complex located at 2121 First Street, SW, Washington DC 20024.

15.     On February 9, 2023, Ms. Johnson emailed Charles Sims II, her site manager, Justin

Brown, the Human Resources Manager, and Tim Sansone, the CEO of SRS, to inform them of her

pregnancy and her anticipated due date of August 4, 2023. Exhibits 1 and 2.

16.     Also on February 9, 2023, Ms. Johnson contacted HR Manager Brown to inquire

about maternity leave.

17. HR Manager Brown informed Ms. Johnson that SFS did not offer maternity leave. HR Manager Brown further elaborated that if Ms. Johnson missed more than a week of work, she would be required to resign from her position and reapply. Exhibit 3.

18. According to Manager Brown, Ms. Johnson was "a good employee and lovely person." Exhibit 4.

19. On March 30, 2023, Ms. Johnson was removed from the schedule without any explanation for her termination.

20. Other employees of Defendant who were not pregnant remained employed with the same work hours.

21. At the time of Ms. Johnson's termination, she was five months pregnant.

22. On April 3, 2023, Ms. Johnson spoke with HR Manager Brown regarding her termination. HR Manager Brown, again, reiterated that Defendant did not offer maternity leave and that it was Defendant's policy to require pregnant employees to resign.

23. SFS's policy that all pregnant workers resign and reapply for their position post-partum is in reckless disregard of pregnant workers' rights

24. Subsequent to Ms. Johnson's termination, Defendant advertised security guard positions like Ms. Johnson's in Washington, D.C. Exhibit 5.

25. By terminating Ms. Johnson for being pregnant and for inquiring about maternity leave options, Defendant violated the PDA, DCHRA and PPWFA

26. By terminating Ms. Johnson, she lost the income she otherwise would have earned had she not been terminated.

27. Ms. Johnson had to rely on her savings, her retirement benefits and charities to

provide for basic needs.  She even had to resort to food banks to provide meals for herself and her children.

28.     As a direct and proximate result of Defendant's discrimination and termination of Ms. Johnson, she has suffered damages, including emotional distress, damage to her reputation, anxiety, nightmares, insomnia, humiliation, and loss of enjoyment of life as well as termination of her employment.

**COUNT I:**
**Discrimination in Violation of Title VII, 42 USC § 2000(e) et seq.**
**(Gender and Pregnancy Discrimination)**

29.     Ms. Johnson re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

30.     The PDA amends Title VII to forbid discrimination based on pregnancy when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, such as leave and health insurance, and any other term or condition of employment.

31.     Defendant's conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of pregnant women.

**COUNT II:**
**Discrimination in Violation of DCHRA and PPWFA**
**(Gender and Pregnancy Discrimination)**

32.     Ms. Johnson re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

33.     The PPWFA requires District of Columbia employers to provide reasonable workplace accommodations for employees whose ability to perform job duties is limited because of pregnancy, childbirth, breastfeeding, or a related medical condition.

5

34.     Defendant's conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of pregnant women.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is prohibited from continuing to maintain its illegal policy, practice or custom of interfering with and retaliating against employees who exercise or who attempt to exercise their rights under the PDA, DCHRA, and PPWFA and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B.      Defendant compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C.      Award Plaintiff compensatory damages in the amount of $500,000 or as to be determined by the jury;

D.      Award punitive damages in favor of Plaintiff against Defendant in an amount of $250,000 or as to be determined by the jury;

E.      Award Plaintiff her reasonable costs and expenses incurred in this action, including attorneys' fees;

F.      Enter such other and further relief as the Court may deem just and proper; and

G.      Plaintiff is permitted to have a trial by jury.

                                        Respectfully Submitted
                                        Plaintiff
                                        By Counsel

Dated: July 30, 2024.

6

/s/ Matthew T. Sutter
Matthew T. Sutter, Esq., D.C. Bar No. 477910
Sutter & Terpak, PLLC
7540A Little River Turnpike
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-6116
Email: matt@sutterandterpak.com
Counsel for Plaintiff

7